UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RICHARD SHETLER, III,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 25-cv-2027-EFM-JBW |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint (Dkt. 78, 79) and Plaintiff's Motion for Determination of Applicable Legal Theories (Dkt. 60). Plaintiff requests leave to file his proposed Second Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1 to assert a "medical battery" claim. Defendant filed a response (Dkt. 80), arguing Plaintiff has failed to show good cause for the untimely amendment pursuant to Fed. R. Civ. P. 16(b)(4), and the amendment is futile and impermissible under Fed. R. Civ. P. 15(a)(2). Plaintiff also filed a Motion for Determination of Applicable Legal Theories (Dkt. 60) asking the Court "to determine whether the allegations and evidence are legally capable of supporting a claim for medical battery or another legally distinct theory, in addition to any claim for medical negligence." Defendant opposes the motion. For the reasons discussed below, Plaintiff's motions are DENIED.

## I. Background

Plaintiff filed this action on January 17, 2025. Plaintiff was granted leave to file his First Amended Complaint ("FAC") on November 19, 2025 (Dkt. 24). Plaintiff's FAC alleges that federal employees acting within the course and scope of their employment engaged in negligent actions, including failure to comply with safety protocol, failure to provide an IV, and failure to maintain a sterile environment during his March 30, 2021 surgery performed by healthcare

professionals from the Veterans Administration ("VA"). Plaintiff alleges such actions resulted in three additional surgeries, emotional distress, medical expenses, and loss of income. Plaintiff brings his claims pursuant to the Federal Tort Claims Act ("FTCA").

The Court entered a Scheduling Order in this case on December 11, 2025 (Dkt. 30). The Scheduling Order set a January 16, 2026 deadline for any motions to amend.[1] On May 8, 2026, and on its own motion, the Court extended several of the parties' Scheduling Order deadlines, including the discovery deadline.[2] However, the Court did *not* extend or reset Plaintiff's deadline to amend the pleadings.

In letters sent to the Court (Dkt. 57 and 58),[3] Plaintiff states that "[d]uring mediation, the mediator raised the possibility that certain allegations contained within my Complaint may be more appropriately characterized as a claim for medical battery and/or treatment without consent, rather than solely as a claim for medical negligence."[4] The parties mediated this case on June 15, 2026.[5] Since that time, Plaintiff has attempted to amend his complaint on several occasions.[6] Plaintiff's motions, until this point, have been denied for failure to comply with this Court's local rules,

---

[1] *See* Scheduling Order, Dkt. 30, p. 6.

[2] Minute Entry and Order, Dkt. 48, p. 2.

[3] The Court notes that Plaintiff's letters to the Court are the subject of a Motion to Strike pending before the undersigned. *See* Def.'s Mot. to Strike Plaintiff's Letters, Dkt. 65. The Court will take up that motion by separate order, and references the letters only by way of background of the present motion.

[4] Pl.'s Letter to Court, Dkt. 58, p. 1.

[5] ADR Report, Dkt. 54.

[6] *See* Pl.'s Mot. to Amend, Dkt. 61 (filed July 1, 2026); Pl.'s Mot. to Amend, Dkt. 67 (filed July 10, 2026); Pl.'s Mot. to Amend, Dkt. 78 (filed July 15, 2026); Pl.'s Amended Mot. to Amend, Dkt. 79 (filed July 16, 2026).

specifically for failure to attach a complete proposed amended complaint to his motions.[7] On July 15, 2026, Plaintiff filed the present Motion for Leave to Amend Complaint (Dkt. 78). Plaintiff's present Motion for Leave to Amend Complaint still fails to comply with D. Kan. Local Rule 15.1(a)(2) in that it fails to attach a complete proposed amended complaint. However, on July 16, 2026, Plaintiff filed an Amended Motion for Leave to Amend Complaint (Dkt. 79), and the attached document appears to be Plaintiff's proposed amended complaint. Therefore, the Court will consider docket entries 78 and 79 together as Plaintiff's Motion for Leave to Amend Complaint.

On July 17, 2026, Defendant filed its response (Dkt. 80) to Plaintiff's Motion for Leave to Amend Complaint. Defendant argues Plaintiff's Motion for Leave to Amend Complaint should be denied under Rule 16(b)(4) as untimely and for failure to show good cause. Defendant further argues Plaintiff's Motion should be denied under Rule 15(a)(2) as futile, and because it is the product of undue delay and would result in undue prejudice. Plaintiff failed to timely file a reply in support of his Motion for Leave to Amend Complaint.

## II. Legal Standards

When a party moves to amend the pleadings after the deadline established in the scheduling order, as is the case here, the moving party must demonstrate "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."[8] "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments only

---

[7] *See* Order, Dkt. 62 (filed July 6, 2026); Order, Dkt. 74 (filed July 14, 2026).

[8] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

for good cause and with the judge's consent."[9] If the movant does not establish good cause under Rule 16(b)(4), the Court must deny the motion and need not consider the second step of the analysis—whether to permit amendment under Rule 15.[10]

For the reasons explained below, the Court finds that Plaintiff has not established good cause under Rule 16(b)(4) and denies the motion on this basis. But even if the Court were to find good cause, the Court would deny this motion pursuant to Rule 15(a)(1) because Plaintiff's proposed amendment is futile.

## III. Analysis

### a. Rule 16(b)(4)'s Good Cause Standard

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good cause and with a judge's consent." The good cause standard "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts."[11] A party may satisfy this standard, for example, if it learns of new information through diligent discovery efforts or if the underlying law has changed.[12] Nevertheless, if a party knows of the conduct underlying the amendment but simply fails to raise the claims, they are barred.[13]

Fed. R. Civ. P. 16(b)(4) is implicated here because Plaintiff filed this present Motion for Leave to Amend almost six months after the January 2026 deadline to amend the pleadings.

---

[9] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019–20 (10th Cir. 2018) (internal quotations omitted).

[10] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).

[11] *Gorsuch*, 771 F.3d at 1240 (brackets in original) (internal quotations omitted).

[12] *See id.*

[13] *Id.*

Plaintiff's Motion for Leave to Amend provides no explanation for the delay, contains no discussion of Fed. R. Civ. P. 16(b)(4), and presents no good cause arguments.[14] The Court can only assume, based on Plaintiff's letters to the Court, that Plaintiff's desire to assert a medical battery claim arose after comments made by the mediator. However, and even if the Court were to consider such letters, that does not amount to good cause.

The battery claim Plaintiff seeks to add is based on the allegedly unauthorized administration of anesthesia in connection with his right-hand carpal tunnel release surgery on March 30, 2021. Plaintiff has thus been aware of the purported facts giving rise to his proposed medical battery claim from the outset of this action. In comparing Plaintiff's FAC and Plaintiff's proposed amended complaint, many of the factual allegations upon which Plaintiff bases his claims are the same. This suggests the proposed amendment is based on facts known or reasonably available to Plaintiff before the amendment deadline. "The failure to clarify legal theories or to plead a claim that should have been readily ascertainable from the outset—because it is largely based on the same facts asserted from the outset—does not show that a party could not have met the scheduling order deadline despite diligent efforts."[15] Plaintiff provides no evidence and no legal authorities justifying his decision to wait so long before asserting his proposed medical

[14] *Broil v. Kansas Bureau of Investigation*, No. 24-2029-DDC-RES, 2026 WL 1265370, at *2 (D. Kan. May 8, 2026) (denying motion to amend when plaintiff "wholly fails to discuss Rule 16 or present any good-cause argument.").

[15] *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 5057482, at *12 (D. Kan. Sept. 2, 2020).

battery claim, and fails to establish good cause for the amendment. Therefore, the Court denies Plaintiff's Motion for Leave to Amend as untimely.

**b. Rule 15 Futility Standard**

Because the Court does not find that Plaintiff has established good cause for his untimely request to amend, the Court need not reach whether leave should be granted pursuant to Rule 15(a). But the Court briefly discusses Rule 15(a) because it provides another reason why the Court would not grant leave at this stage of litigation.

Federal Rule of Civil Procedure 15(a) provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule further instructs that courts should "freely give leave when justice so requires."[16] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[17] The grant or denial of an opportunity to amend is within the discretion of the district court.[18] The party opposing amendment bears the burden to show why leave should not be granted.[19]

In this instance, Plaintiff's proposed amended complaint and claim for medical battery are clearly futile, as Plaintiff failed to exhaust his administrative remedies as to a medical battery

[16] Fed. R. Civ. P. 15(a)(2).

[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[18] *Id.*

[19] *Rasmussen v. Found. for Affordable Hous.*, No. 24-2081-TC-BGS, 2026 WL 237298, at *6 (D. Kan. Jan. 29, 2026) (citation omitted).

claim. 28 U.S.C. § 2675(a) "requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."[20] The exhaustion and notice requirements established by the FTCA "are jurisdictional and cannot be waived."[21] To adequately provide notice, the notice must describe "the facts and circumstances underlying a claim—rather than the exact grounds—upon which [the] plaintiff seeks to hold the government liable. Thus, it should give *notice* of the *underlying facts and circumstances* that will form the fabric of the subsequent civil suit."[22] An FTCA notice should be read to encompass "any cause of action *fairly implicit* in the facts."[23] The Court, however, should not "augment those facts to conform to the claimant's subsequent civil complaint."[24]

Plaintiff's claim submitted to the VA is attached to his original complaint, as Exhibit 1 (Dkt. 1-1). The basis of Plaintiff's claim submitted to the VA states that he went into the operating room without any intravenous access, and when anesthesia was called, the medical professional could not administer any drugs to put Plaintiff under, "which led to a furry [sic] of people in and out of the OR during [Plaintiff's] procedure."[25] Plaintiff further alleges he contracted infections,

---

[20] *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991) (internal citations and quotations omitted).

[21] *Id.*

[22] *Benally v. United States*, 735 F. App'x 480, 485 (10th Cir. 2018) (internal citations and quotations omitted) (emphasis in original).

[23] *Id.* (emphasis in original).

[24] *Id.*

[25] Pl.'s Compl., Ex. 1, Dkt. 1-1.

has undergone subsequent surgeries and therapies.[26] The plain text of Plaintiff's notice contains no indication that his claims would involve a lack of informed consent. Nothing in Plaintiff's notice suggests, for example, that medical professionals at the VA left him unaware or misinformed of the direction, scope, or potential consequences of his operation. Indeed, Plaintiff described his injury as stemming directly from his negligently performed surgery without mentioning consent, or any alleged deficiency in the nature or quality of the consent that medical professionals at the VA obtained. No aspect of the notice could have reasonably prompted the government to investigate a claim of lack of informed consent.[27] Because Plaintiff failed to administratively exhaust a lack of informed consent claim, the Court lacks jurisdiction over such a claim, making Plaintiff's proposed amendment futile.

## IV. Plaintiff's Motion for Determination of Applicable Legal Theories (Dkt. 60)

Plaintiff has also filed a Motion for Determination of Applicable Legal Theories (Dkt. 60). Plaintiff asks this Court "to determine whether the allegations and evidence are legally capable of supporting a claim for medical battery or another legally distinct theory, in addition to any claim for medical negligence."[28] First, the Court cannot give Plaintiff legal advice.[29] Thus, the Court cannot advise Plaintiff on whether he should bring a claim of medical battery or whether such claim would be successful. Second, because the Court has denied Plaintiff's Motion for Leave to

---

[26] *Id.*

[27] *See Benally*, 735 F. App'x at 485. (finding plaintiff failed to exhaust informed consent claim when notice only discussed quality of surgery performed and post-operative care).

[28] Pl.'s Mot. for Determination of Applicable Legal Theories, Dkt. 60, p. 1.

[29] *Moore v. Hudson*, No. 23-3168-JWL, 2023 WL 4639614, at *1 (D. Kan. July 20, 2023).

Amend to assert a medical battery claim, Plaintiff's request that the Court analyze the merits of such claim is moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 78, 79) is DENIED.

**IT IS FURTHER DENIED** that Plaintiff's Motion to Determine Applicable Legal Theories (Dkt. 60) is DENIED.

IT IS SO ORDERED.

Dated August 13, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge