**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RICHARD SHETLER, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-2027-EFM-JBW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Strike and Exclude Testimony of Plaintiff's Expert, Dr. Kyle Moyles (Dkt. 56); Plaintiff's Motion to Strike or, in the Alternative, Limit the Testimony of Defendant's Medical Expert (Dkt. 76); and Defendant's Motion to Strike Plaintiff's "Statement" and Duplicative Response at ECF 69–70 (Dkt. 73). As set forth below, the Court denies each party's motions to strike the other's experts, and grants Defendant's motion to strike Plaintiff's filings docketed at ECF 69–70.

### I. Factual and Procedural Background

Plaintiff, proceeding pro se, filed this action on January 17, 2025. Plaintiff was granted leave to file his First Amended Complaint ("FAC") on November 19, 2025 (Dkt. 24). Plaintiff's FAC alleges that federal employees acting within the course and scope of their employment engaged in negligent actions, including failure to comply with safety protocol, failure to provide an IV, and failure to maintain a sterile environment during his March 30, 2021 surgery performed by healthcare professionals from the Veterans Administration ("VA"). Plaintiff alleges such actions resulted in three additional surgeries, emotional distress, medical expenses, and loss of income. Plaintiff brings his claims pursuant to the Federal Tort Claims Act ("FTCA").

Pursuant to the Initial Scheduling Order (Dkt. 30), Plaintiff's deadline to disclose any expert witness was March 31, 2026. By subsequent order, the Court extended Plaintiff's expert disclosure deadline to April 20, 2026.[1] On April 20, 2026, Plaintiff tendered an expert report from Dr. Kyle Moyles. Dr. Moyles's report states that he is currently treating Plaintiff for a complex regional pain syndrome, which he believes to be secondary to the multiple surgeries Plaintiff has undergone on his right hand. Dr. Moyles's report states that he has reviewed "a portion of [Plaintiff's] medical records from his right carpal tunnel release surgery which was performed at the Leavenworth VA on March 30, 2021" and believes there was a breach in the standard of care.[2] Defendant served technical objections to Dr. Moyles's report on April 21, 2026. Defendant informed Plaintiff it believed Dr. Moyles's report did not comply with Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi), in that it did not (1) identify by Bates number each document provided to and considered by Dr. Moyles, (2) did not provide a complete list of Dr. Moyles's qualifications, (3) did not list all other cases Dr. Moyles has testified in in the last four years, and (4) did not provide a statement of compensation to be paid to Dr. Moyles for his study and testimony. On June 25, 2026, Plaintiff supplemented Dr. Moyles's report, and tendered a supplemental fee schedule, statement of qualifications, list of publications, and statement regarding prior testimony for Dr. Moyles. Defendant claims Plaintiff still has not identified by Bates number each document provided to and considered by Dr. Moyles.

Defendant's expert disclosure deadline was July 12, 2026. On July 10, 2026, Defendant disclosed eight non-retained experts: Dr. Brad Anderson, Dr. Shannon Carpenter, Dr. Kenneth

[1] Minute Entry and Order, Dkt. 43, p. 2.

[2] Def.'s Mot. to Strike, Ex. 1, Dkt. 56-2.

Dunstone, Jordan Koci, Jeffrey Lewis, Andrea Orrison, Dr. Micheal Spradlin, and Dr. Verra Wekullo. Defendant's expert disclosure states that all of its non-retained experts are treating physicians or medical professionals that provided Plaintiff's treatment at the VA. Defendant also disclosed one retained expert, Dr. Michael Johnson. On July 14, 2026, Plaintiff filed a Motion to Strike or, In the Alternative, Limit the Testimony of Defendant's Expert (Dkt. 76). Plaintiff's motion is not clear as to which of Defendant's experts Plaintiff wishes to strike.

## II. Analysis

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. It provides: "In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."[3] These three Rules of Evidence provide the standard for the admissibility of expert opinion testimony,[4] note the proper bases of an expert's opinion testimony,[5] and generally allow an expert witness to express opinions without first disclosing the facts or data underlying the expert's opinion.[6]

The disclosures required under Rule 26(a)(2) differ depending upon whether the expert witness is "retained or specially employed to provide expert testimony in the case."[7] Under Rule 26(a)(2)(B), if a witness is "retained or specially employed to provide expert testimony in the

[3] Fed. R. Civ. P. 26(a)(2)(A).

[4] Fed. R. Evid. 702.

[5] Fed. R. Evid. 703.

[6] Fed. R. Evid. 705.

[7] *See* Fed. R. Civ. P. 26(a)(2)(B).

case," the disclosure must be accompanied by a written report signed by the witness and containing six categories of detailed information.[8]

> The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.[9]

Under Rule 26(a)(2)(C), if the witness is not required to provide a written report, the disclosure must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[10]

To ensure compliance with Rule 26, Rule 37 states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[11] However, the Court is generally not sympathetic to motions to strike and prefers to decide cases on the merits.[12]

> This court is of the opinion that once a party has timely designated his or her experts pursuant to a scheduling order of the court, and has made some good faith effort to provide the information required by the rule, it is the responsibility of the other party to take the follow-up measures deemed necessary to prepare for trial. If the

---

[8] *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi) for the requirements of the report.

[9] *Id.*

[10] Fed. R. Civ. P. 26(a)(2)(C).

[11] Fed. R. Civ. P. 37(c)(1).

[12] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-EFM-GFB, 2016 WL 2344561, at *1 (D. Kan. May 4, 2016).

> opposing party believes additional information concerning the experts is required, it can request the same from the other party through appropriate discovery procedures, including depositions.[13]

### A. Defendant's Motion to Strike and Exclude Testimony of Plaintiff's Expert, Dr. Kyle Moyles (Dkt. 56)

Defendant argues Plaintiff's expert disclosure of Dr. Moyles does not meet the disclosure requirements under Rule 26(a)(2) and the Court should strike the disclosure.[14] Specifically, Defendant argues the Court should strike the disclosure of Dr. Moyles because his report lacks most of the information required by Rule 26(a)(2)(B), and Plaintiff's supplementation to correct the deficiencies was untimely. Plaintiff's supplementation appears to correct all of the deficiencies raised in Defendant's objection, except for listing by Bates number all documents considered by Dr. Moyles in forming his opinion.

The Court finds Plaintiff has substantially met the procedural requirements of Rule 26(a)(2)(B)(i) as to his disclosure of retained expert witness, Dr. Moyles. Dr. Moyles's report details the standards of administrative medicine to which he opines Defendant failed to comply. Dr. Moyles sets forth the facts in this case that support his opinion that Defendant failed to comply with the standard of care. This is sufficient to satisfy the Rule 26(a)(2)(B)(i) procedural requirement of providing "a complete statement of all opinions the witness will express and the basis and reasons for them."

---

[13] *Mid Gulf, Inc. v. Bishop*, No. CIV. A. 89-2445-L, 1992 WL 133902, at *1 (D. Kan. May 27, 1992).

[14] Defendant argues Dr. Moyles is a retained expert. Plaintiff does not dispute the characterization of Dr. Moyles's disclosure, so the Court only analyzes the Dr. Moyles's report under the standards applicable to retained experts.

Plaintiff's supplementation of Dr. Moyles's disclosure, though untimely, is sufficient to satisfy Rule 26(a)(2)(B)(ii)–(vi). Defendant does not contest that Plaintiff's supplementation complies with Fed. R. Civ. P. 26(a)(2)(iii)–(vi). Defendant only argues that even if Plaintiff's supplementation was timely, it still fails to comply with Fed. R. Civ. P. 26(a)(2)(B)(ii) because it fails to list by Bates number all of the documents considered by Dr. Moyles in forming his opinion. Even though the report does not provide a Bates numbered list of the documents Dr. Moyles reviewed, Dr. Moyles's report does provide the "facts or data considered by the witness in support" of his opinion.[15] Dr. Moyles's report states he reviewed "medical records from [Plaintiff's] right carpal tunnel release surgery which was performed at the Leavenworth VA on March 30, 2021" provided to him by Plaintiff.[16] There is no reason to believe this is not a comprehensive list of facts and data Dr. Moyles considered. Defendant's contention that Fed. R. Civ. P. 26(a)(2)(B)(ii) requires an expert report to specifically set out every Bates numbered document the expert reviewed in forming his opinion is unsupported.[17]

It also appears Defendant likely already has copies of the documents Dr. Moyles used to form his opinion. Defendant served a document subpoena on Dr. Moyles, in which Defendant requested, among other things, "[a]ny documents that [Dr. Moyles] reviewed and relied upon before finalizing [his] report."[18] In response to the subpoena, Dr. Moyles produced 15-pages of

[15] Fed. R. Civ. P. 26(a)(2)(B)(ii).

[16] Def.'s Mot. to Strike, Ex. 1, Dkt. 56-2.

[17] *See Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 5938027, at *5 (D. Kan. Nov. 6, 2013) (finding report stating expert reviewed plaintiff's dental records and deposition testimony of treating physicians sufficient to satisfy Rule 26(a)(2)(B)(ii)).

[18] Def.'s Mot. to Strike, Ex. 9, Dkt. 56-9, p. 7.

materials dated March 30, 2021, the date of Plaintiff's surgery at the VA.[19] Dr. Moyles also provided copies of the correspondence between his office and Plaintiff, showing that Plaintiff provided such records to Dr. Moyles to form his opinion, verifying Dr. Moyles's statement in his report.[20] Therefore, the Court can reasonably assume that Defendant, through its own document subpoena, has received all of the documents Dr. Moyles used in forming his opinion, and does not find the failure to provide a list of Bates numbered documents Dr. Moyles relied on in forming his opinion to be a sufficient basis to strike Dr. Moyles's report.

Concerning the untimeliness of Plaintiff's supplementation of his expert disclosure, the Court finds that the untimely disclosure is harmless because any prejudice to Defendant can be cured.[21] Defendant received the supplementation two weeks prior to its own expert disclosure deadline. At the time of the supplemental disclosure, Defendant had ample time to depose Dr. Moyles before the discovery deadline—and even issued a deposition subpoena to Dr. Moyles—but ultimately decided not to depose Dr. Moyles. Though Defendant made the choice to not depose Dr. Moyles within the discovery period, to ensure there is no prejudice to Defendant in regard to Plaintiff's untimely supplementation and in light of this Order, the Court will permit Defendant, if

[19] Def.'s Mot. to Stike, Ex. 8, Dkt. 56-8.

[20] *Id.*

[21] *Koel v. Citizens Med. Ctr., Inc.*, No. 21-CV-2166-HLT-TJJ, 2023 WL 3433963, at *5 (D. Kan. May 12, 2023) (finding untimely expert disclosure harmless because prejudice can be cured without striking expert opinion). *See also Ramos v. Banner Health*, No. 15-CV-2556-WJM-NRN, 2019 WL 1429283, at *3 (D. Colo. Mar. 29, 2019) ("prejudice as a result of incomplete or belated disclosure is easily cured, however, by allowing a party to redepose an expert about matters relating to materials not provided with an expert report and the expert's consideration of them" (internal citations and quotations omitted)).

it so chooses, to depose Dr. Moyles after discovery has closed, but prior to the parties' September 18, 2026 deadline to file motions challenging the admissibility of expert testimony.

Finally, while Defendant may have concerns about Dr. Moyles's testimony, the Court finds those concerns are better expressed on the merits, either by *Daubert* motion, or at trial. The motion to strike is simply unnecessary at this stage, as "[t]here is no independent fact-finder who requires shielding from inadmissible evidence and improper opinions at this stage in the proceedings."[22] Defendant "can rest assured that the Court is capable of discerning which evidence is relevant and reliable and assigning weight accordingly."[23] Therefore, Defendant's Motion to Strike and Exclude Testimony of Plaintiff's Expert, Dr. Kyle Moyles (Dkt. 56) is DENIED.

**B. Plaintiff's Motion to Strike or, in the Alternative, Limit the Testimony of Defendant's Medical Expert (Dkt. 76)**

The Court reiterates that in this District motions to strike are disfavored in favor of resolving issues on the merits. Plaintiff seeks to strike or limit the testimony of Defendant's medical expert. Plaintiff's motion is not clear as to which of Defendant's experts' testimony Plaintiff seeks to strike, and the content appears to be based on the substance of the expert's testimony, rather than the technical requirements of Rule 26. Again, the Court finds this determination is better made on a *Daubert* motion and Plaintiff's Motion to Strike or, in the Alternative, Limit the Testimony of Defendant's Medical Experts (Dkt. 76) is DENIED.

---

[22] *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, No. 08-1330-EFM-GFB, 2016 WL 2344561, at *1 (D. Kan. May 4, 2016).

[23] *Id.*

**C. Defendant's Motion to Strike Plaintiff's "Statement" and Duplicative Response at ECF No. 69–70 (Dkt. 73).**

The Court grants Defendant's Motion to Strike Plaintiff's "Statement" and Duplicative Response at ECF No. 69–70 (Dkt. 73) as unopposed. Plaintiff did not timely respond to Defendant's motion,[24] and the filings appear to be an attempt at filing a second response to the Motion to Strike and Exclude Testimony of Plaintiff's Expert, Dr. Kyle Moyles. Therefore, Defendant's Motion to Strike Plaintiff's "Statement" and Duplicative Response at ECF 69–70 (Dkt. 73) is GRANTED, and documents 69 and 70 are stricken.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike, and Exclude Testimony of Plaintiff's Expert, Dr. Kyle Moyles (Dkt. 56) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Or, In the Alternative, Limit the Testimony of Defendant's Medical Expert (Dkt. 76) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's "Statement" and Duplicative Response at ECF 69–70 (Dkt. 73) is GRANTED. Documents 69 and 70 are stricken.

Dated August 18, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[24] *See* D. Kan. Local Rule 7.1 ("If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.").