**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **RICHARD SHETLER, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-cv-2027-EFM-JBW** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for a Renewed Judicial Settlement Conference Prior to Trial (Dkt. 77). Defendant filed a response opposing the motion on July 17, 2026 (Dkt. 82). Plaintiff failed to timely file a reply. For the reasons stated below, the Court denies Plaintiff's motion.

Plaintiff, proceeding pro se, filed this action on January 17, 2025. Plaintiff was granted leave to file his First Amended Complaint ("FAC") on November 19, 2025 (Dkt. 24). Plaintiff's FAC alleges that federal employees acting within the course and scope of their employment engaged in negligent actions, including failure to comply with safety protocol, failure to provide an IV, and failure to maintain a sterile environment during his March 30, 2021 surgery performed by healthcare professionals from the Veterans Administration ("VA"). Plaintiff alleges such actions resulted in three additional surgeries, emotional distress, medical expenses, and loss of income. Plaintiff brings his claims pursuant to the Federal Tort Claims Act ("FTCA").

Plaintiff filed a Motion for Settlement Conference (Dkt. 45) on May 5, 2026. The Court held a discovery conference with the parties on May 8, 2026. At that discovery conference, the Court discussed mediation with the parties, and the Court declined to conduct the mediation itself. Instead, the Court instructed the parties to agree on a mediator and referred them to D. Kan. Local

Rule 16.3(d)(1)(E).[1] Having reviewed the parties' confidential settlement reports prior to the conference, and based on the parties' stated settlement positions, the Court also ordered the parties to complete mediation by June 16, 2026—the deadline set in the Initial Scheduling Order.[2] The parties selected a private mediator, who agreed to conduct the mediation pro bono, and participated in mediation on June 15, 2026.[3] The mediation was unsuccessful.[4]

From the docket, it appears very little, if any, discovery has occurred since the June 15 mediation. The only apparent discovery developments following the June 15 mediation have been the disclosure of Defendant's experts[5] and Plaintiff's supplementation of his expert report.[6] Discovery closed on August 12, 2026. Since the June 15 mediation, a barrage of motions has been filed. The Court has ruled on nearly all those motions, and none of the Court's orders have significantly changed the posture of this case.[7] Accordingly, there does not appear to be any substantial change in the facts or posture of this case since the June 15 mediation.

Further, the parties' briefing suggests the parties' valuations and settlement positions have also not changed since the June 15 mediation. Given that "Defendant simply does not agree with Plaintiff's valuation of the case," additional mediation—regardless of whether held in front of the

---

[1] Minute Entry and Order, Dkt. 48, p. 2.

[2] *Id.*

[3] Joint Notice of Mediation, Dkt. 52; ADR Report, Dkt. 54.

[4] ADR Report, Dkt. 54.

[5] Def.'s Expert Witness Disclosures, Dkt. 66, 68, and 71.

[6] Plaintiff did not file a certificate of service regarding the supplementation of his expert disclosures. The Court's August 18, 2026 Memorandum and Order provides a timeline of Plaintiff's expert disclosure and subsequent supplementation of that disclosure. *See* Memorandum and Order, Dkt. 85, p. 2.

[7] *See* Memorandum and Order, Dkt. 84 (denying Plaintiff's Motion to Amend the Complaint); Memorandum and Order, Dkt. 84 (denying both parties' Motion to Strike Expert).

Magistrate Judge or another neutral—would not be productive or fruitful at this time.[8] Therefore, the Court does not believe there is a basis to compel the parties to participate in another round of mediation or a settlement conference prior to the filing of dispositive motions, and denies Plaintiff's Motion for a Renewed Judicial Settlement Conference Prior to Trial (Dkt. 77).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a Renewed Judicial Settlement Conference Prior to Trial (Dkt. 77) is DENIED.

Dated August 19, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

[8] Def.'s Response to Pl.'s Renewed Mot. for a Judicial Settlement Conference, Dkt. 82, p. 4. *See McCoy v. Over Easy Mgmt., Inc.*, No. 14-1309-EFM, 2017 WL 373385, at *3 (D. Kan. Jan. 26, 2017) (denying motion to compel mediation when "it appears substantially unlikely that mediation will be productive given the parties' respective settlement positions"); *Jones v. Easter*, No. 17-CV-3089-EFM, 2020 WL 2507635, at *7 (D. Kan. May 15, 2020) (denying motion for mediation when "[i]t does not appear that mediation would be productive between the parties.").